[Docket No. 9]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ELIZABETH V. ENRIGHT and LAWRENCE ENRIGHT, | : :  :  : |
|  | Civil No. 07-2438 (RMB) |
| Plaintiffs, | : |
| v. | **OPINION AND ORDER** |
| DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, | : : |
| Defendants. | : |

On April 15, 2007, the Internal Revenue Service (the "IRS") applied an overpayment of income taxes for the 2006 tax year by Plaintiffs Elizabeth V. Enright and Lawrence Enright (the "Plaintiffs") to an unpaid balance of an alleged civil liability in the approximate amount of $187,000 previously assessed against Plaintiff Lawrence Enright. Complt. ¶¶ 4-5. Plaintiffs seek a refund of the overpayment.

This matter comes before the Court upon the Defendant IRS' motion to dismiss the Complaint pursuant to Rule 12(b)(1). The IRS contends that the Court should dismiss the Complaint because the Plaintiffs have not alleged that they filed an administrative claim for refund, nor has the IRS located any records indicating

that Plaintiffs filed an administrative claim for refund of the $40 overpayment or that Lawrence Enright filed an administrative claim for refund of the civil penalty.  Plaintiffs have not filed any opposition to the Defendant's motion.

The doctrine of sovereign immunity bars suits against the United States unless it has expressly consented to be sued. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Nordic Village, 503 U.S. 30, 34 (1992).  "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941).  Moreover, courts should not enlarge and should strictly construe the United States' waiver of sovereign immunity.  See, e.g. Nordic Village, 503 U.S. at 34. Finally, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  United States v. Mitchell, 445 U.S. 535, 538-39 (1980).

While the United States has waived its sovereign immunity for the purposes of tax refund suits pursuant to 28 U.S.C. § 1346(a)(1), such waiver is conditioned upon the taxpayer meeting several prerequisites.  See 26 U.S.C. § 7422(a).  A taxpayer may not file a suit in district court until he has filed a claim for a refund with the IRS.  See 26 U.S.C. § 7422(a); Kreiger v. United States, 539 F.2d 317, 320 (3rd. Cir. 1976).

The claim for refund must set forth in detail the grounds upon which the credit or refund is claimed and must set forth facts sufficient to inform the Commissioner of the Internal Revenue Service of the exact basis of the claim.  See 26 C.F.R. § 301.6402-2(b)(1).  An action may not be brought in district court until either the claim is denied or before the expiration of six months from the date the claim is filed.  26 U.S.C. § 6532(a)(1).

Here, the Plaintiffs have failed to satisfy the jurisdictional requirements because they failed to allege that they filed an administrative claim for refund.  Indeed, by failing to oppose the IRS' motion, Plaintiffs have not refuted the IRS' contention.  As a result, sovereign immunity bars the Complaint because the Plaintiffs failed to exhaust administrative remedies before filing suit.

Accordingly, for the above reasons, the Court lacks subject matter jurisdiction.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 515-16 (2006).  Therefore, the Complaint will be dismissed without prejudice.

                                      S/Renée Marie Bumb
                                      Renée Marie Bumb
                                      United States District Judge

Dated: September 10, 2007